Painter & Alpha, of Houston, for plaintiff in error.

Grindstaff, Zellers & Hutcheson, of Weatherford, for defendant in error.

CRITZ, Commissioner.

This case was tried in the district court of Nueces county, Tex., and judgment rendered in favor of defendant in error. Plaintiff in error filed its motion for a new trial, which was overruled on December 18, 1931. Plaintiff in error perfected its appeal to the Court of Civil Appeals by in due time filing its appeal and supersedeas bonds. Plaintiff in error presented the transcript to the Court of Civil Appeals on February 24, 1932, which was more than sixty days after its motion for new trial was overruled by the district court. At the same time the transcript was presented to the Court of Civil Appeals plaintiff filed in said court a motion to file the transcript. This motion purports to show good cause for failing to file the transcript within the sixty days prescribed by article 1839, as amended by Acts 42d Legislature (1931) p. 100, c. 66, § 1. The motion, however, was filed after the sixty days had expired. The Court of Civil Appeals duly heard the above motion and overruled same on authority of Reasonover v. Reasonover (Tex. Civ. App.) 46 S.W.(2d) 382. Plaintiff in error has attempted to prosecute writ of error to the Supreme Court from the order of the Court of Civil Appeals overruling its motion to file the transcript in that court.

Article 1739, R. C. S. 1925, provides: "Art. 1739. The Supreme Court may review final judgments of Courts of Civil Appeals upon writ of error, when good cause therefor be shown by application for such writ, as hereinafter required, the sufficiency of such cause to be determined as herein provided."

The order overruling motion to file the transcript above described is not a final judgment. It follows that this writ of error was improvidently granted.

Also, since the granting of this writ the law question here involved has been settled adversely to plaintiff in error in Hunter v. Moore, 122 Tex. 583, 62 S.W.(2d) 97 (Com. App. opinion adopted) and Red v. Bounds, 122 Tex. 614, 63 S.W.(2d) 544 (Com. App. opinion adopted).

The writ of error is dismissed.

Opinion adopted by the Supreme Court.

## TIDWELL v. STATE (two cases).
### Nos. 16937, 16938.

Court of Criminal Appeals of Texas.
June 13, 1934.

Rehearing Denied June 29, 1934.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

It is charged by indictment that appellant while intoxicated operated a motor vehicle on a public street in the city of Cleburne, Tex., and upon conviction his punishment was assessed at a fine of $25 and thirty days' imprisonment in the county jail.

The indictment is in proper form. The record is before this court without statement of facts or bills of exception. In such condition nothing is presented for review.

The judgment is affirmed.